IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gustavo E. Cortes Moreno, : 
                    Appellant : 
                             : 
       v.                      : No. 168 C.D. 2023
                             : Submitted: December 6, 2023
Schuylkill County Tax Claim Bureau : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WALLACE                     FILED: February 6, 2024


Gustavo E. Cortes Moreno (Moreno) appeals from the January 26, 2023 order of the Court of Common Pleas of Schuylkill County (trial court) denying and dismissing his objections and exceptions to the Schuylkill County Tax Claim Bureau's (Bureau) upset tax sale of Moreno's property. On appeal, Moreno argues the trial court erred in denying his objections and exceptions to the Bureau's upset tax sale because the Bureau failed to: (1) comply with the Real Estate Tax Sale Law's

(RETSL)[1] certified mailing requirements, (2) comply with the RETSL's posting requirements, and (3) provide Moreno with Spanish language notices. Upon review, we reverse.

## I.  Background

The essential facts are not contested in this matter. At all relevant times, Moreno was the owner of property located at 130 East Broad Street, Tamaqua, Pennsylvania, 18252 (Property). Reproduced Record (R.R.) at 78a. The Property contains a three-story structure. *Id.* at 61a. The first story of the structure is an abandoned store front, the second story is a vacant apartment, and the third story is an apartment in which Moreno periodically resides. *Id.*

Moreno failed to pay real estate taxes on the Property beginning with the 2020 tax year. R.R. at 78a. In early 2021, the Bureau sent Moreno an "Entry of Claim Notice" (Claim Notice) by certified mail[2] to the address the Bureau had on file for Moreno: P.O. Box 1244, Isabela, Puerto Rico, 00662-1244. *See id.* at 117a-20a. On April 21, 2021, someone signed for this certified mailing.[3]

On May 19, 2022, the Bureau sent a Notice of Public Tax Sale (Upset Sale Notice) by certified mail, restricted delivery, to Moreno at the same address in Puerto Rico that it sent the Claim Notice. R.R. at 108a-09a. The Upset Sale Notice was for the 2020 tax year, and it advised Moreno the Bureau would sell the Property at an upset tax sale on September 26, 2022, if he did not pay the delinquent 2020 property taxes or enter into a payment agreement with the Bureau before the sale. *Id.* On

---

[1]  Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 - 5860.803.

[2]  Although the Bureau sent the Claim Notice by certified mail, it was not required to, nor did it, send the Claim Notice certified mail, restricted delivery. *See* R.R. at 117a.

[3]  Despite the Bureau's submission of a claim notice for Moreno's delinquency for the 2021 tax year at the trial court's hearing, a Bureau representative testified and explained the proof of service the Bureau submitted was for the Claim Notice, which addressed Moreno's delinquency for the 2020 tax year. *See* R.R. at 38a-40a, 117a, 119a.

July 23, 2022, the postal service returned the Upset Sale Notice to the Bureau with the following notation:

> RETURN TO SENDER
> NO MAIL RECEPTACLE
> UNABLE TO FORWARD
> RETURN TO SENDER

*Id.* at 109a. (capitalization in original). The Bureau published notice of the upset tax sale.[4] *See id.* at 97a-106a. On July 22, 2022, the Bureau also posted a copy of the Upset Sale Notice on the Property's first-floor store front. *Id.* at 113a-15a. Lastly, on August 10, 2022, the Bureau sent the Upset Sale Notice to Moreno at his Puerto Rico address by regular mail. *Id.* at 42a.

On September 26, 2022, the Property was exposed to a public upset tax sale and RSK Flipper, LLC purchased the Property for $33,433.00. R.R. at 80a. On November 7, 2022, Moreno filed objections and exceptions to the upset tax sale (Objections). *Id.* at 2a, 6a-22a. The trial court held a hearing on Moreno's Objections on December 27, 2022. *See id.* at 32a-76a.

At the trial court's hearing, a Bureau representative testified and explained the documentary evidence and the steps the Bureau took to provide Moreno with notice of the upset tax sale. *See* R.R. at 34a-59a. In addition, the Bureau's representative stated the copy of the Upset Sale Notice the Bureau sent to Moreno on August 10, 2022, by regular mail, was not returned. *Id.* at 42a-43a.

Moreno testified and explained the Puerto Rico post office box that the Bureau was utilizing to attempt to send him notices was his partner's post office box, and that he and his partner were separated in early 2021. R.R. at 63a-64a. Moreno

---

[4] Because Moreno has not alleged the Bureau's publication of notice of the tax sale was defective, we need not set forth in detail the steps the Bureau undertook to publish notice of the upset tax sale.

identified the signature on the certified mailing receipt for the Claim Notice as being his partner's signature, and asserted he never received any notices of the upset tax sale from the Bureau. *Id.* Moreno also explained he was living in Puerto Rico from January to August of 2022 in a rental apartment, and he returned to the Property in August of 2022. *Id.* at 64a. Moreno asserted he did not see any notices on the Property upon his return from Puerto Rico. *Id.* at 64a-65a.

By order dated January 26, 2023, the trial court denied and dismissed Moreno's Objections, confirming absolutely the upset tax sale. R.R. at 127a. In an accompanying opinion, the trial court determined "[t]he evidence presented by the Bureau . . . overwhelmingly demonstrates that it clearly complied with its Upset Sale Notice requirements including mailing, posting, and advertising requirements and belies [Moreno's] claims." Original Record[5] (O.R.), Item No. 6 at 8. The trial court found Moreno's testimony to be "simply not believable." *Id.* The trial court also opined:

> There is no question that the Bureau mailed its notices to the correct address in Puerto Rico in accordance with [the] RETSL. The Bureau was not required to undertake additional notification efforts under [the] RETSL because it was using [Moreno's] correct address for mailing and had successfully provided notice to that address on April 21, 2021.

*Id.*

Moreno appealed the trial court's order to this Court. On appeal, Moreno argues the trial court erred in denying and dismissing his Objections because: (1) the Bureau's certified mailing did not comply with the RETSL's notice requirements, (2) the Bureau's physical posting of the Property did not comply with the RETSL's

---

[5] Moreno did not include the trial court's opinion in his reproduced record. Accordingly, we cite to the trial court's original record for this opinion.

requirements, and (3) the Bureau did not provide the Upset Sale Notice to Moreno in Spanish.

## II. Analysis

Our review in tax sale cases is limited to determining whether the trial court abused its discretion or erred at law. *See Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006). In considering whether a trial court abused its discretion, this Court looks to whether the trial court engaged in "a manifestly unreasonable exercise in judgment[] or [rendered] a final result that evidences partiality, prejudice, bias, or ill-will." *Allegheny Cnty. v. Golf Resort, Inc.*, 974 A.2d 1242, 1245 (Pa. Cmwlth. 2009) (citation omitted).

"A presumption of regularity attaches to tax sale cases. However, once exceptions are filed, the burden shifts to the tax claim bureau to show that proper notice was given." *Gutierrez v. Washington Cnty. Tax Claim Bureau*, 260 A.3d 291, 295 (Pa. Cmwlth. 2021) (citation omitted). "A failure by a tax claim bureau to comply with all the statutory notice requirements ordinarily nullifies a sale." *Cruder v. Westmoreland Cnty. Tax Claim Bureau*, 861 A.2d 411, 415 (Pa. Cmwlth. 2004).

Section 602 of the RETSL, 72 P.S. § 5860.602, requires a tax claim bureau to provide notice of an upset tax sale to the property owner by publication, posting, and mail. With respect to mail, Section 602(e)(1) of the RETSL requires a tax claim bureau to provide notice of a tax sale to the owner "[a]t least thirty (30) days before the date of the sale, by United States certified mail, **restricted delivery**, return receipt requested, postage prepaid." 72 P.S. § 5860.602(e)(1) (emphasis added). Section 602(e)(2) of the RETSL further requires:

> If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who

5

failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e)(2).

Section 607.1 of the RETSL imposes service requirements, which "shall be in addition to any other notice requirements imposed by this act." 72 P.S. § 5860.607a, added by the Act of July 3, 1986, P.L. 81. Section 607.1(a) of the RETSL specifically provides:

> **When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner . . . and such mailed notification is either returned without the required receipted personal signature of the addressee** or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, **then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include,** but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

72 P.S. § 5860.607a(a) (emphasis added).

With respect to posting, Section 602(e)(3) requires a tax sale bureau to post each property at least ten days before the tax sale. 72 P.S. § 5860.602(e)(3). While

the RETSL "does not prescribe a particular method of posting," "the method chosen must be reasonable and likely to inform the taxpayer of an intended property sale." *Consol. Return by McKean Cnty. Tax Claim Bureau of 9/12/2000 ex rel. Howard*, 820 A.2d 900, 903 (Pa. Cmwlth. 2003). We have determined a posting is reasonable if it is "conspicuous to the owner and public and securely attached." *Wiles v. Washington Cnty. Tax Claim Bureau*, 972 A.2d 24, 28 (Pa. Cmwlth. 2009).

We begin by evaluating Moreno's arguments the trial court erred in determining the Bureau complied with the RETSL's certified mailing requirements. Moreno principally argues the Bureau failed to comply with Section 607.1 of the RETSL after its certified mailing of the Upset Sale Notice was returned without his signature. We agree.

Section 607.1(a) of the RETSL provides that when a tax claim bureau's certified mailing is "returned without the required personal signature of the addressee . . . the bureau **must** exercise reasonable efforts to discover the whereabouts of such person or entity and notify him." 72 P.S. § 5860.607a(a) (emphasis added). Section 607.1(a) of the RETSL continues to explain that "the Bureau's efforts **shall** include" a variety of methods of locating the individual. *Id.* (emphasis added). Section 607.1(a)'s use of the mandatory terms "must" and "shall" reveal a tax claim bureau is obligated to undertake efforts to discover the whereabout of any "person or entity whose property interests are likely to be significantly affected by [the] tax sale" every time the tax claim bureau's certified mailing is "returned without the required personal signature of the addressee." *Id.*

Here, the Bureau did not provide testimony or documentary evidence to show it undertook any of the efforts required by Section 607.1 of the RETSL. *See* R.R. at 34a-58a. Instead, the Bureau assumed it sent the Upset Sale Notice to a proper

7

address because someone had signed for the Claim Notice over one year earlier, in April 2021. *See id.* at 50a-51a. Similarly, the trial court opined the Bureau "was using [Moreno's] correct address for mailing and had successfully provided notice to that address on April 21, 2021." O.R., Item No. 6 at 8. This was legal error.

The Claim Notice's receipt, or lack thereof, by Moreno over one year before the Bureau issued the Upset Sale Notice, does not constitute successful service under Section 602 of the RETSL or absolve the Bureau from its obligations under Section 607.1 of the RETSL. First and foremost, the Claim Notice was not a "notice of sale" under Section 602 of the RETSL because it did not inform Moreno of the date of a "scheduled sale" of the Property for Moreno's delinquent 2020 property taxes. *See* R.R. at 116a, 20a; 72 P.S. § 5860.602. Instead, the Claim Notice, which was issued well over one year before the tax sale, informed Moreno of the Bureau's lien and that the Property could be subject to a tax sale if Moreno did not pay the delinquent taxes. *See* R.R. at 116a-20a. Second, the Claim Notice was sent by certified mail, but not restricted delivery. Restricted delivery, which is statutorily required when sending notice of a tax sale, *see* 72 P.S. § 5860.602(e)(1), limits delivery, in most instances, to only the addressee.[6] Because the Claim Notice was not sent by restricted delivery, the Bureau, and the trial court, erred in assuming that the Bureau had the correct address for Moreno. In addition, the trial court erred in equating successful service of the Claim Notice, which was not required to be sent by certified mail, restricted delivery, to proper service under Section 602 of the RETSL, which requires restricted delivery.

Even if the Bureau was using the correct address for Moreno, when the Bureau received the Upset Sale Notice's certified mailing card with no signature and an

---

[6] https://faq.usps.com/s/article/What-is-Restricted-Delivery (last visited February 5, 2024).

indication of "no mail receptacle," Section 607.1 of the RETSL mandated the Bureau to undertake additional efforts to locate and serve Moreno. The Bureau wholly failed to introduce any evidence to show it undertook these efforts. Because the Bureau failed to carry its burden of proving it complied with the RETSL, the trial court should have granted Moreno's Objections.

### III. Conclusion

The Bureau failed to carry its burden of proving it complied with Section 607.1 of the RETSL after its certified mailing of the Upset Sale Notice was returned with the indication of "no mail receptacle, unable to forward." Accordingly, the trial court erred in denying Moreno's Objections to the upset tax sale, and we reverse the trial court's order.[7]

_____
STACY WALLACE, Judge

---

[7] Because we reverse the trial court based on the Bureau's failure to comply with the RETSL's mailing requirements, we need not evaluate whether the Bureau failed to comply with the RETSL's posting requirements, or whether the Bureau was required to provide Moreno with a Spanish language notice.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gustavo E. Cortes Moreno, :
                          Appellant :
                                    :
           v.                     : No. 168 C.D. 2023
                                    :
Schuylkill County Tax Claim Bureau :

## **O R D E R**

**AND NOW**, this 6th day of February 2024, the January 26, 2023 order of the Court of Common Pleas of Schuylkill County is **REVERSED**.

 

_____
STACY WALLACE, Judge